BARTLEY SMITH v. J. B. HAYDEN, RECEIVER, ET AL.

**Judicial Sale.**

> A judicial sale will be set aside when the land sold for more than the amount of the judgment. The commissioner should have offered to sell only so much of the land as would satisfy the judgment.

**Description of Land in Judicial Sale Order.**

> A judgment for the sale of real estate must contain a description of the tracts ordered sold.

APPEAL FROM HARDIN CIRCUIT COURT.

March 20, 1880.

OPINION BY JUDGE PRYOR:

It is hardly necessary to notice the various errors complained of by the appellant, as it is manifest that the sale must be set aside for the reason that the land sold for more than the amount of the judgment. The commissioner had no power to sell the land for a greater sum than would pay the debt and should have offered to sell only so much of the land as would satisfy the judgment. This was not done, but the land was offered and a bid made of $200 more than should have been realized, and the bid accepted. There is no appeal, as we understand, from the first two judgments, but the appeal is from the last judgment, in which the sale is made not only to satisfy the

debt due by that judgment, but the debts due by the judgments formerly rendered. While no objection could be made to such an order of sale otherwise proper, the fact that the land sold for more than the judgments in the consolidated cases is fatal. The sale made and the exceptions of the appellant on that ground should have been sustained. The petition in the last action, No. 1926, is, we think, good. It alleges an agreement to pay, but the judgment nowhere describes the land.

The judgment is *reversed* for the failure only to describe the land, and the sale must be set aside and a resale ordered; and this order of resale will embrace all the notes for the purchase-money due, including those upon which judgments have been rendered,—in fact, judgments have been rendered on all the notes,—and the cause remanded for further proceedings.

*A. B. Montgomery, for appellant.*

*James Montgomery, for appellees.*